UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAW OFFICE OF COURTNEY L HAAS LLC, *individually and on behalf of J.T., parent of C.L.*,

    Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

    Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/27/2023
```

23-CV-2024 (JMF) (BCM)

**ORDER ADJOURNING INITIAL CASE MANAGEMENT CONFERENCE AND DIRECTING ADMENDMENT**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated March 6, 2023 (Dkt. 6), the undersigned Magistrate Judge scheduled an initial case management and scheduling conference for May 2, 2023. However, it appears that plaintiff has not yet served defendant New York City Department of Education (DOE) with process. (*See* Dkt. 25.) Consequently, the initial case management and scheduling conference is hereby ADJOURNED *sine die*.

The Court notes that this action was brought for attorneys' fees under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3). *See* Compl. (Dkt. 12) ¶ 1. The statute provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a *prevailing party who is the parent of a child with a disability*." 20 U.S.C. § 1415(i)(3)(B)(i) (emphasis added). In this case, the "parent of a child with a disability" is J.T., who prevailed in the underlying administrative proceedings against the DOE on behalf of her son C.L. Compl. ¶¶ 3, 7-14. Thus, it is J.T. to whom any fees must be awarded. The Law Office of Courtney L. Haas, which filed this action as the plaintiff, lacks standing to pursue those fees in its own right. *See Vitalone v. City of New York*, 395 F. Supp. 3d 316, 326 (S.D.N.Y. 2019) ("[A]ttorney's fees obtained by statutory authority belong to the client, not counsel[.]") (quoting *Sanchez-Ramirez v. Masters Food Serv. Inc.*, 2017 WL 3600423, at *3 (S.D.N.Y. Aug. 18,

2017)); *Adams v. Compton Unified Sch. Dist.*, 2015 WL 12748005, at *1 (C.D. Cal. July 16, 2015) (noting that the court denied prior IDEA fee motion for lack of standing, because it was brought by parent's lawyer as plaintiff rather than by parent, and directed plaintiff to amend the complaint, which she did).[1]

Rule 15(a) of the Federal Rules of Civil Procedure, governing amendment, "may be utilized to substitute a new plaintiff." *Unilever (Raw Materials) Ltd. v. M/T Stolt Boel*, 77 F.R.D. 384, 387 (S.D.N.Y. 1977) (citing *Staggers v. Otto Gerdau Co.*, 359 F.2d 292 (2d Cir. 1966)). In light of the standing issue outlined above, the Court hereby grants plaintiff leave to amend, pursuant to Fed. R. Civ. P. 15(a)(2), in order to substitute the proper plaintiff, and directs plaintiff to do so no later than **May 4, 2023**. *See* 6 Wright & Miller, Fed. Prac. & Proc. § 1474 (3d ed.) ("A liberal policy toward allowing amendments to correct errors in the pleadings clearly is desirable and furthers one of the basic objectives of the federal rules – the determination of cases on their merits.").

Dated: New York, New York       SO ORDERED.
       April 27, 2023

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] In *Adams*, as here, the parent assigned any court-awarded fees to her lawyer. 2015 WL 12748005, at *1. This did not alter the standing analysis, because – the court explained – while the right to fees is assignable, "the right to *pursue* those fees is not." *Id.* (emphasis in the original).